## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUE ELLEN MONCRIEF,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:07-0649** |
| v. | : | **(CAPUTO, D.J.)** |
| | | **(MANNION, M.J.)** |
| **CHASE MANHATTAN MORTGAGE CORPORATION, CITIBANK, NA,** As Trustee, **TERRANCE J. MCCABE, ESQ., d/b/a MCCABE, WEISBERG & CONWAY, P.C., EMC MORTGAGE CORPORATION, JUDGE LINDA WALLACH MILLER, FIRST UNION NATIONAL BANK/ NOVASTAR, A Virginia Corp., WILLIAM PETERSON, Individually and d/b/a Affiliated/Americorp Builders, JEAN LEE, Individually and d/b/a Northeast Mortgage, DOMINICK P. STRANIERI, and BRUCE MORGAN, Individually and d/b/a Premier Abstract Services,** | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

Pending before the court are the following motions: (1) a motion to dismiss the plaintiff's complaint filed on behalf of defendant Peterson, (Doc. No. 3); (2) a motion to dismiss the plaintiff's complaint filed on behalf of defendant Lee, (Doc. No. 10); (3) a motion for preliminary injunction filed by the plaintiff, (Doc. No. 14); (4) a motion to dismiss the plaintiff's complaint or, in the alternative, for a more definite statement, filed on behalf of defendant Chase Manhattan Mortgage Corporation, (Doc. No. 17); (5) a motion to dismiss the plaintiff's complaint filed on behalf of defendant McCabe, (Doc.

No. 23); (6) a motion for default judgment against Defendant Miller filed by the plaintiff, (Doc. No. 26); (7) a motion to dismiss the plaintiff's complaint filed on behalf of defendant EMC Mortgage Corporation, (Doc. No. 33); (8) a motion for an emergency hearing filed by the plaintiff, (Doc. No. 47); (9) a motion for entry of default against Chase Manhattan Mortgage Corporation filed by the plaintiff, (Doc. No. 48); (10) a motion for service by publication or by regular mail upon defendant Stranieri filed by the plaintiff, (Doc. No. 52); and (11) a motion for service by publication or by regular mail upon defendant Morgan, (Doc. No. 53).  Based upon the court's review of the record in the instant action, it is recommended that the action be dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.  The court further recommends that all of the pending motions, save the motion filed on behalf of defendant McCabe which is based, in part, on the Rooker-Feldman doctrine be dismissed as moot, and that defendant McCabe's motion to dismiss the plaintiff's complaint be granted to the extent that it is based upon the Rooker-Feldman doctrine.

By way of background, on April 5, 2007, the plaintiff filed the instant action, the basis of which she lists as follows:

> -US CODE TITLE 42, CHAPTER 21, SECTION SUBCHAPTER 1 SECTION 1981(a)(b); SECTION 1982; SECTION 1983
> -TITLE 11, CHAPTER 5, SECTION 590, 523, 524
> -TITLE 18 US CODE (RICO) INCLUDING BUT NOT LIMITED TO SECTIONS 241, 1001, 1010, 1341, 1956, 1957 & 1964, ET AL.
> -TITLE 12 CHAPTER 27 (C)(c)(B)

>   -REAL ESTATE SETTLEMENT PROCEDURES ACT
>   (RESPA)
>   -TRUTH IN LENDING
>   -FREEDOM OF INFORMATION ACT
>   -FAIR HOUSING LAW

(Doc. No. 1, p. 2).

The plaintiff alleges that the defendants ". . . conspired and colluded to deprive [her] of [her] home purchased in September 1998 and located at Lot 46 Phase II Pennbrook Farms, Reeders, PA, Monroe County, Jackson Township, by coercing and manipulating [her] into an illegal foreclosure (2002-CV-7851[1]) in order to cover up, conceal, and perfect a mortgage fraud scheme involving fraudulently obtained documents, altered and/or forged documents, mortgage servicing fraud, and predatory lending." (Doc. No. 1, p. 3).

Specifically, the plaintiff alleges that "[e]vidence exists to show Citibank NA, as *Trustee*, did not have standing to bring foreclosure action 2002-CV-7851. . ." (Doc. No. 1, p. 3). Further, the plaintiff alleges that "repeated transfers/assignments of [her] mortgage note back and forth <u>before</u> and <u>after</u> the foreclosure were to launder, conceal and cover up a financial scheme involving predatory lending," and that "some of the Defendants used illegal tactics, including but not limited to mail fraud, the use of the telephone, and the internet as part of their mortgage fraud scheme to conceal the fact that the

---

[1]Citibank, N.A. v. Al-Amin, Court of Common Pleas, Monroe County, No. 2002-CV-7851.

3

co-defendant was never served." (Doc. No. 1, p. 4). Despite this, the plaintiff alleges that " . . . Monroe County trial court Judge Linda Wallach-Miller refused to grant [her] a hearing concerning this fact or any of the other illegalities in this case." (Doc. No. 1, p. 3). She further alleges that the purpose of a subsequent ejectment action filed against her in state court,[2] filed by the defendant EMC Mortgage and pending before defendant Miller at the time she filed the instant action,[3] was "to perfect and finalize the mortgage fraud scheme." (Doc. No. 1, p. 3).

As a result of the above allegations, the plaintiff alleges that she has been "deprived of due process and other civil rights, including but not limited to equal credit opportunities and the right to own and enjoy property as is afforded to all citizens under the laws of the United States and the Constitution." (Doc. No. 1, p. 3).

As relief, the plaintiff requests that this court assume jurisdiction over the state court ejectment action and all related cases, and issue an injunction forbidding Judge Linda Wallach-Miller from ruling on the ejectment action or

---

[2] EMC Mortgage Corporation v. Al-Amin, Court of Common Pleas, Monroe County, No. 2006-CV-4936.

[3] This is also the subject of the plaintiff's motion for preliminary injunction in which she seeks to have this court issue an injunction forbidding Judge Miller from ruling on the ejectment action before the instant matter is resolved. (Doc. No. 14). The court notes that, prior to consideration of the plaintiff's motion, the Honorable Arthur L. Zulick of the Monroe County Court of Common Pleas decided a motion for summary judgment filed in the ejectment action by EMC Mortgage in favor of EMC. (Doc. No. 49, Exs. A & B).

any other cases that may relate to the allegations set forth in her complaint. (Doc. No. 1, pp. 3 & 4). The plaintiff further requests that the court enjoin the defendants, their employees and/or representatives from taking any action against her related to the allegations set forth in her complaint. (Doc. No. 1, p. 5). Finally, should a jury return a verdict in her favor, the plaintiff requests damages in the amount of $10 million. (Id.).

The Rooker-Feldman doctrine, as it is know today, is the product of two Supreme Court cases interpreting 28 U.S.C. §1257(a). This statute provides:

> "Final judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question, or where the validity of a statute of any state is drawn in question on the grounds of its being repugnant to the Constitution, treaties or laws of the United States . . ."

The Rooker-Feldman doctrine is the negative inference of §1257(a). In other words, if appellate review of state court judgments is vested in the United States Supreme Court, that review is not vested in the lower federal courts. Therefore, the lower federal courts are deprived of subject matter jurisdiction over actions which would require review of decisions of the state courts.

In Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923), the Supreme Court held that lower federal courts may not hear claims actually decided by a state court. Later, in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 283 n.16 (1983), the Supreme Court extended the

5

holding of Rooker to claims that are "inextricably intertwined" with a state court judgment.

To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, the court must pay close attention to the relief which the plaintiff is requesting. See Crutchfield v. Countrywide Home Loans, 389 F.3d 1144, 1147-48 (10th Cir. 2004)(citing Kenmen Eng'g v. City of Union, 314 F.3d 468, 476 (10th Cir. 2002)). "While a litigant may be able to make a federal claim appear unrelated to a state court judgment through artful pleading, the requested relief can quickly reveal whether Rooker-Feldman applies. Where a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment, the federal claim is inextricably intertwined with the state court judgment." Crutchfield, 389 F.3d at 1148 (citing Kenmen Eng'g, 314 F.3d at 478)). "If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear this suit." Gulla v. North Strabane Township, 246 F.3d 168, 171 (3d Cir. 1998). However, even where a claim is inextricably intertwined with the state court's judgment, the Rooker-Feldman doctrine does not apply if the plaintiff did not have a reasonable opportunity to raise the federal claims in the state proceedings.

Here, the record reflects that a foreclosure action was filed against the plaintiff on November 14, 2002, in the Court of Common Pleas, Monroe

County, (i.e., No. 2002-CV-7851). Judgment was entered against the plaintiff in that action on May 8, 2003, and a sheriff's sale of the property occurred on March 30, 2006. In the meantime, the plaintiff filed a notice of appeal in the foreclosure action on March 3, 2006, which was quashed as moot by order dated February 26, 2007. (Doc. No. 1, Ex. C).

An ejectment action was filed on July 6, 2006, in the Court of Common Pleas, Monroe County, (i.e., 2006-CV-4936). By opinion and order dated May 29, 2007, the Honorable Arthur L. Zulick granted a motion for summary judgment filed on behalf of EMC Mortgage Corporation and found that EMC was entitled to possession of the premises. (Doc. No. 49, Exs. A & B).

It is clear from reviewing the allegations of the plaintiff's complaint, as well as the relief which she seeks, namely this court's assumption of jurisdiction over the state law foreclosure and ejectment actions, that her claims are inextricably intertwined with the state court foreclosure and ejectment actions. There is no indication that the plaintiff could not have raised her alleged federal claims in the state court actions and, in fact, it appears that the plaintiff may have attempted to do so as her complaint indicates " . . . Monroe County trial court Judge Linda Wallach-Miller refused to grant [her] a hearing concerning [the fact that Citibank, NA, did not have standing to bring the foreclosure action] or any of the other illegalities in this case." Because the claims raised in the instant action are inextricably intertwined with the state court actions, this court lacks subject matter

jurisdiction over the plaintiff's complaint and the complaint should be dismissed.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** defendant McCabe's motion to dismiss the plaintiff's complaint which is based, in part, on the Rooker-Feldman doctrine, **(Doc. No. 23)**, be **GRANTED** to that extent;

**(2)** the motions to dismiss the plaintiff's complaint which are not based upon the Rooker-Feldman doctrine, **(Doc. Nos. 3, 10, 17, 33)**, be **DISMISSED AS MOOT**; and

**(3)** the remaining non-dispositive motions which are currently pending in the case, **(Doc. Nos. 14, 26, 47, 48, 52, 53)**, be **DISMISSED AS MOOT**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** July 2, 2007

O:\shared\REPORTS\2007 Reports\07-0649.01.wpd

8