**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUE ELLEN MONCRIEF,**<br>**Plaintiff**<br><br>**v.**<br><br>**CHASE MANHATTAN MORTGAGE CORPORATION, CITIBANK, NA as trustee, TERRENCE J. MCCABE doing business as McCabe, Weisberg, Conway, PC, EMC MORTGAGE CORPORATION, JUDGE LINDA WALLACH MILLER, FIRST UNION NATIONAL BANK/ NOVASTAR, A Virginia Corp., WILLIAM PETERSON, Individually and d/b/a Affiliated/Americorp Builders, JEAN LEE, individually and d/b/a Northeast Mortgage, BRUCE MORGAN, individually and d/b/a Premier Abstract Services, and NOVASTAR,**<br>**Defendants** | : | **No. 3:07cv649**<br><br>**(Judge Munley)** |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

_____Before the court for disposition is Magistrate Judge Malachy E. Mannion's Report and Recommendation suggesting that the *Rooker-Feldman* doctrine precludes this court from exercising jurisdiction over the plaintiff's complaint. The plaintiff has filed objections to the report and recommendation bringing the case to its present posture.

**Background**

Plaintiff alleges in her complaint that the defendants "conspired and colluded to deprive [her] of [her] home purchased in September 1998 and located at Lot 46 Phase II Pennbrook Farm, Reeders, PA, Monroe County, Jackson Township, by coercing and manipulating [her] into an illegal

foreclosure (2002-CV-7851)[1] in order to cover up, conceal, and perfect a mortgage fraud scheme involving fraudulently obtained documents, altered and/or forged documents, mortgage servicing fraud, and predatory lending." (Doc. 1 at 3).

Plaintiff further alleges that "[e]vidence exists to show Citbank NA, as *Trustee*, did not have standing to bring the foreclosure action[.]" (Id.). Plaintiff claims that "repeated transfers/assignments of [her] mortgage note back and forth <u>before</u> and <u>after</u> the foreclosure were to launder, conceal, and cover up a financial scheme involving predatory lending," and that "some of the Defendants used illegal tactics, including but not limited to mail fraud, the use of the telephone, and the internet as part of their mortgage fraud scheme to conceal the fact that the co-defendant was never served." (Id. at 4).

Plaintiff additionally alleges that, notwithstanding this alleged illegal conduct on the part of defendants, "Monroe County trial court Judge Linda Wallach-Miller refused to grant [her] a hearing concerning this fact or any of the other illegalities in this case." (Id. at 3). Plaintiff also alleges that the purpose of a subsequent ejectment action filed against her in state court[2] by Defendant EMC Mortgage, and pending before Defendant Miller at the time she filed the instant action, was "to perfect and finalize the mortgage

---

[1]<u>Citibank, N.A. v. Al-Amin</u>, Court of Common Pleas, Monroe County, No. 2002-CV-7851. (<u>See</u> Doc. 55 at 3 n.1).  Judgment was entered against plaintiff in this foreclosure action in May 2003.  (<u>Id.</u> at 6-7).

[2]<u>EMC Mortgage Corp. v. Al-Amin</u>, Court of Common Pleas, Monroe County, No. 2006-CV-4936. (Doc. 55 at 4 n.2).  The court granted summary judgment in favor of EMC Mortgage Corporation in May 2007 holding that it was entitled to possession of the premises.

2

fraud scheme." (Id.).

As relief, Plaintiffs asks this court to assume jurisdiction of the ejectment action and all related cases, and issue an injunction forbidding Defendant Miller from ruling on the ejectment action or any other cases that may relate to the allegations set forth in her complaint. (Id. at 3,4). Plaintiff additionally requests that the court enjoin defendants, their employees and/or representatives, from taking any action against her related to the allegations set forth in her complaint. (Id. at5). Plaintiff also seeks monetary damages in the amount of ten million dollars. (Id. at 5).

Several defendants filed motions to dismiss plaintiff's complaint. (Doc. 3,10,17,23 and 33). Based upon the allegations of the complaint as well as the relief plaintiff seeks, particularly the court's assumption of jurisdiction over the state law foreclosure and ejectment actions, Magistrate Judge Mannion suggests that plaintiff's claims are barred from the court's consideration by the doctrine announced in Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) and extended in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), which holds that the federal courts are deprived of jurisdiction over claims which have already been decided by, or are inextricably intertwined with the judgment of, a state court (Doc. 55 at 5-8). Accordingly, Magistrate Judge Mannion recommends that Defendant McCabe's motion to dismiss, which is based in part on the Rooker-Feldman doctrine, be granted, and plaintiff's complaint be dismissed. Magistrate Judge Mannion also recommends that the other motions to dismiss, as well as the remaining non-dispositive motions, be denied as moot. (Id.). Plaintiff filed objections to the report and recommendation bringing the case to its present posture.

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

As an initial matter, plaintiff has filed a motion to disqualify the undersigned judge from this case. The basis for the recusal motion is that Defendant Judge Linda Wallach-Miller has noted in the past (unrelated to the instant case) that the Judge Munley's wife sparked her interest in the law. (Doc. 72, at 6). Recusal is appropriate where a judge's impartiality might reasonably be questioned. 28 U.S.C. § 455(a); Cheney v. U.S. District Court for the District of Columbia, 514 U.S. 913, 916 (2004). Merely because one of the defendants has indicated in the past that the judge's wife had an influence on her career choice does not support an assertion that the judge's impartiality might reasonably be questioned. The motion for disqualification will thus be denied.

Plaintiff objects to Magistrate Judge Mannion's report and recommendation arguing, *inter alia*, that the Rooker-Feldman doctrine does not apply because the state court did not consider her federal, constitutional and mortgage fraud claims. "Absent an opportunity to raise an issue or claim in a state court proceeding, it is impossible to conclude

that the issue [or claim] was intextricabl[y] intertwined with the state court judgment." (Doc. 58 at 10 (citing In re Randall, 358 B.R. 145, 162 (Bankr. E.D. Pa. 2006)). We disagree with plaintiff's position and will overrule her objections.

In Rooker, the United States Supreme Court held that lower federal courts may not hear claims actually decided by a state court, as district courts have no appellate jurisdiction. Rooker, 263 U.S. at 416. The Supreme Court extended this holding in Feldman, explaining that a federal district court lacks jurisdiction over any claims that are "inextricably intertwined" with a state court judgment. Feldman, 460 U.S. at 482.

A federal action is inextricably intertwined with a state court adjudication, and thus barred in federal court under Rooker-Feldman, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006); see also Whiteford v. Reed, 155 F.3d 671, 674 (3d Cir. 1998) (a district court lacks subject matter jurisdiction if the relief requested effectively would reverse or void a state court ruling). "While a litigant may be able to make a federal claim appear unrelated to a state court judgment through artful pleading, the requested relief can quickly reveal whether Rooker-Felman applies. Where a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment, the federal claim is inextricably intertwined with the state court judgment." Crutchfield v. Countrywide Home Loans, 389 F.3d 1144, 1148 (10th Cir. 2004). "If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject

5

matter jurisdiction to hear th[e] suit." Gulla v. N. Strabane Twp., 246 F.3d 168, 171 (3d Cir. 1998).

However, even where a claim is inextricably intertwined with the state court's judgment, the Rooker-Feldman doctrine does not apply if the plaintiff did not have a reasonable opportunity to raise the federal claims in the state court proceedings. In re Randall, 358 B.R. at 162. If a plaintiff had that reasonable opportunity to raise her federal claims in the state court proceedings, but did not, the district court lacks jurisdiction over those claims even if they were not raised in the state court. Parkview Assoc. P'ship v. City of Lebanon, 225 F.3d 321, 325 (3d Cir. 2000).

Here, the relief plaintiff requests - that this court assume jurisdiction over the state court law suits - clearly indicates that the claims contained in her complaint are inextricably intertwined with the state court judgment. Judgment has already been entered against plaintiff in both actions, and any decision by this court in favor of plaintiff would necessarily overrule or void one or both of those state court rulings. This result is exactly what is prohibited by the Rooker-Feldman doctrine.

There is also no indication that plaintiff could not have raised her alleged federal constitutional and mortgage fraud claims in the state court actions; indeed, it appears from her complaint that plaintiff attempted to do so. (See Doc. 1 at 3 ("Monroe County trial court Judge Linda Wallach-Miller refused to grant me a hearing concerning [the fact that Citibank, N.A., did not have standing to bring the foreclosure action] or *any of the other illegalities* in the case")(emphasis added)).

Accordingly, we conclude that the Rooker-Feldman doctrine precludes us from exercising subject matter jurisdiction over plaintiff's

complaint.  As such, we will adopt Magistrate Judge Mannion's report and recommendation and overrule plaintiff's objections.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SUE ELLEN MONCRIEF,**<br>　　　　　　　　**Plaintiff**<br><br>　　　　v.<br><br>**CHASE MANHATTAN MORTGAGE CORPORATION, CITIBANK, NA as trustee, TERRENCE J. MCCABE doing business as McCabe, Weisberg, Conway, PC, EMC MORTGAGE CORPORATION, JUDGE LINDA WALLACH MILLER, FIRST UNION NATIONAL BANK/ NOVASTAR, A Virginia Corp., WILLIAM PETERSON, Individually and d/b/a Affiliated/Americorp Builders, JEAN LEE, individually and d/b/a Northeast Mortgage, BRUCE MORGAN, individually and d/b/a Premier Abstract Services, and NOVASTAR,**<br>　　　　　　　　**Defendants** | **No. 3:07cv649**<br><br>**(Judge Munley)** |

## ORDER

**AND NOW**, to wit, this 28th day of September 2007, it is hereby **ORDERED** as follows:

1) Plaintiff's motion to disqualify the judge (Doc. 72) is **DENIED**;

2) Plaintiff's objections (Doc. 58) are **OVERRULED**;

3) Magistrate Judge Mannion's report and recommendation (Doc. 55) is **ADOPTED**;

4) Defendant McCabe's motion to dismiss the complaint based in part on the Rooker-Feldman doctrine (Doc. 23) is **GRANTED** to that extent, and Plaintiff's complaint is **DISMISSED**;

5) The remaining pending motions (Docs. 14, 26, 47, 48, 52 and 53) are **DENIED** as moot; and

6) The Clerk of Court is directed to close this case.

　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　**s/ James M. Munley
　　　　　　　　　　　　　　　　JUDGE JAMES M. MUNLEY
　　　　　　　　　　　　　　　　United States District Court**